UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY MONTGOMERY,                ) | |
|                                               ) | |
|    Plaintiff,                                       ) | |
|                                               ) | |
|      vs.                                             ) | CAUSE NO.  1:13-cv-0329-WTL-TAB |
|                                               ) | |
| WAL-MART STORES EAST, L.P.,           ) | |
|                                               ) | |
|    Defendant.                                  ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on the Motion to Dismiss filed by the Defendant, Wal-Mart Stores East, L.P. ("Wal-Mart"). The motion is fully briefed,[1] and the Court, being duly advised, **GRANTS** the motion for the reasons and to the extent set forth below.

### I.     PRELIMINARY MATTERS

Plaintiff Gregory Montgomery's complaint identified the Defendant as Wal-Mart. However, the Defendant's proper identity is Wal-Mart Stores East, L.P.[2] Therefore, **the Court directs the Clerk to change the Defendant's name on the Court's docket to Wal-Mart Stores East, L.P.**

### II.     STANDARD

Wal-Mart moves to dismiss Montgomery's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint fails to state a claim for which relief can be

---

[1] Wal-Mart filed a brief in support of its Motion to Dismiss. The Plaintiff then filed a document entitled "proof of all allegations" which the Court has considered in making its ruling. Wal-Mart then filed a reply in support of its motion.

[2] Wal-Mart did not move to dismiss Montgomery's Complaint on this basis. Rather, Wal-Mart noted the discrepancy and moved to dismiss Montgomery's Complaint on other grounds.

granted. In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 638 F.3d 328, 334 (7th Cir. 2012). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (omission in original). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 638 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if they "raise the right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

### III.  FACTUAL BACKGROUND

The facts as alleged in Montgomery's Complaint and in his "proof of all allegations" are as follow.

Montgomery was employed at a Wal-Mart store in Avon, Indiana, beginning September 1, 2004. In December 2011, he saw two different doctors for pain in his right knee. On December 23, 2011, Montgomery's doctor faxed a "Certification of Health Care Provider for Associate's Serious Health Condition" form to Wal-Mart indicating that Montgomery was scheduled for knee surgery and that his condition was expected to last for six to eight weeks. On January 17, 2012,[3] a personnel manager for Wal-Mart completed a "Separation Notice for Indiana" form that indicated Montgomery's employment was voluntarily terminated on December 29, 2011.

---

[3] Montgomery correctly identifies that this notice is actually dated January 17, *2011*, by stating "[t]he dates do not even add up." However, based on his termination date listed in the notice, the Court presumes the notice was actually signed on January 17, 2012.

Montgomery filed a Complaint of Discrimination with the Indiana Civil Rights Commission ("ICRC") on May 14, 2012, alleging he was subjected to unlawful race discrimination in violation of Title VII.  The ICRC issued a Notice of Finding on December 4, 2012, finding that probable cause did not exist to believe that any unlawful discrimination had occurred, but rather that the Plaintiff's job was terminated because he did not come to work three days in a row and failed to provide any documentation explaining his absences.  The U.S. Equal Employment Opportunity Commission ("EEOC") adopted the ICRC's findings on February 6, 2013, and Montgomery filed this suit on February 27, 2013.

## IV.   DISCUSSION

Montgomery is proceeding pro se in this matter.  Accordingly this Court is required to liberally construe his complaint. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quotation marks and citation omitted).  Montgomery filed his Complaint using this Court's form Employment Discrimination Complaint.  By checking the boxes on the form, Montgomery has asserted claims under:  (1) Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) the Age Discrimination in Employment Act ("ADEA"); (3) the Americans with Disabilities Act ("ADA"); (4) the Rehabilitation Act ("Rehabilitation Act"); (5) equal rights under law, 42 U.S.C. § 1981 ("Section 1981"); and (6) the Family and Medical Leave Act ("FMLA").

### A.  ADEA, ADA, and Rehabilitation Act Claims

It is well settled that before a plaintiff can bring a suit alleging discrimination based on race or a disability, he must first exhaust his administrative remedies by filing a charge with the EEOC.  *See Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004) ("Because the

ADA's enforcement provision expressly incorporates § 2000e-5 of Title VII, claims for discrimination under the ADA also must be filed with[] [the EEOC]."); *Tyler v. Runyon*, 70 F.3d 458, 467 (7th Cir. 1995) "[T]he remedies, procedures and rights available under the Rehabilitation Act are the same that are afforded under Title VII[.]" (quoting *McGuinness v. U.S. Postal Service*, 744 F.2d 1318, 1320 (7th Cir. 1984)); 29 U.S.C. § 626 (2013) ("No civil action may be commenced by an individual under this section [ADEA] until . . . a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission."). It is clear from Montgomery's Complaint of Discrimination filed with the ICRC and reviewed by the EEOC that he only alleged racial discrimination. Def. Brief, Ex. A. ("I believe that I have been discriminated against on the basis of race."). No mention of age or disability is found in his allegations. Because Montgomery did not file these claims with EEOC before filing this suit, the Court cannot now properly consider potential violations of the ADEA, ADA, or Rehabilitation Act. As such, Wal-Mart's Motion to Dismiss is **GRANTED** as to these claims.

### B. Title VII and Section 1981 Claims

Title VII prohibits employers from discriminating on the basis of race, among other things, while Section 1981 provides that all persons shall have equal rights under the law regardless of race. 42 U.S.C. § 2000e-2 (2013); 42 U.S.C. § 1981 (2013). The Seventh Circuit has noted that "[a]lthough section 1981 and Title VII differ in the types of discrimination they proscribe, the methods of proof and elements of the case are essentially identical." *Johnson v. City of Fort Wayne, Ind.*, 91 F.3d 922, 940 (7th Cir. 1996). In order to prove a violation of either Title VII or Section 1981, a plaintiff has to show: "(1) he was a member of a protected class; (2) he was meeting his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) other similarly situated employees who were not members of his protected class

were treated more favorably." *Wells v. Unisource Worldwide, Inc.*, 289 F.3d 1001, 1006 (7th Cir. 2002) (citing *Paluck v. Gooding Rubber Co.*, 221 F.3d 1003, 1012 (7th Cir. 2000)). The Court agrees with Wal-Mart that Montgomery has failed to allege enough facts to support either of these claims. In fact, his Complaint is completely void of any facts relating to racial discrimination. As such, Wal-Mart's motion to dismiss also is **GRANTED** as to these claims.

### C. FMLA Claim

The FMLA entitles eligible employees twelve weeks of leave each year if they suffer from a serious health condition that renders them unable to perform their job functions. 29 U.S.C. § 2612(a)(D) (2013). In order to prevail on a FMLA interference claim, "the employee must establish: (1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Burnett v. LFW Inc.*, 472 F.3d 471, 477 (7th Cir. 2006). The Court agrees with Wal-Mart that Montgomery's complaint falls short of what is needed to adequately plead an FMLA interference claim. His Complaint simply states that he was denied FMLA leave, which is insufficient; it provides no facts regarding why he believes he was eligible for FMLA leave and does not allege that he requested it from Wal-Mart. Accordingly, Wal-Mart's motion to dismiss is **GRANTED** as to this claim.

### V. CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss is **GRANTED** and Montgomery's Complaint is dismissed in its entirety. Because Montgomery's claims under Title VII, Section 1981, and the FMLA are dismissed for failure to allege sufficient facts,

Montgomery is entitled to replead those claims.[4] *See Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ("The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.") (quotation marks and citation omitted). **If Montgomery wishes to pursue these claims, he shall file an amended complaint that sets forth the factual basis for them by Monday, September 23, 2013**. If Montgomery fails to file an amended complaint within the required time frame, this case will be dismissed with prejudice without further notice. In addition, if Montgomery files an amended complaint that does not address the deficiencies of his first complaint, the amended complaint will be subject to dismissal with prejudice.

For the benefit of Montgomery, the Court will explain in lay terms what this ruling means. It does not mean that the Court finds that he does or does not have a valid claim against Wal-Mart. The Court expresses no opinion regarding the validity of Montgomery's claims at this point. This Entry simply means that Montgomery did not plead sufficient allegations regarding his Title VII, Section 1981, and FMLA claims to survive a motion to dismiss under Rule 12(b)(6).

SO ORDERED:   08/29/2013

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[4] Because his ADA, ADEA, and Rehabilitation Act claims fail for failure to exhaust his administrative remedies, rather than a failure to plead adequate facts, Montgomery is not entitled to replead these claims.

**Copy by US Mail to:**

    **Gregory Montgomery**
    **740 N. Warman Ave.**
    **Indianapolis, IN 46222**

Copies to all counsel of record via electronic communication.